IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CLANCY LOUIS McCOY, #204764, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:04-CV-840-MHT |
| | ) | [WO] |
| | ) | |
| JOHN E. NAGLE, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is presently before the court on a limited order of remand from the Eleventh Circuit Court of Appeals for a determination of the date of filing of petitioner Clancy L. McCoy's notice of appeal under the law applicable to inmate filings. *Becker v. Montgomery*, 532 U.S. 757, 763 (2001); *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Casanova v. Dubois*, 289 F.2d 142, 146 (1st Cir. 2002); *Thiem v. Hertz Corp.*, 732 F.2d 1559, 1562-1563 (11th Cir. 1984) ; *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); *Sanders v. United States*, 113 F.3d 184, 186 n.2 (11th Cir. 1997); *Garvey v. Vaughn*, 993 F.2d 776, 781 (11th Cir. 1993); Rule 4(a)(1)(A) and (c)(1), *Federal Rules of Appellate Procedure*. Specifically, the appellate court directed that this court determine "when [McCoy's] notice of appeal, which was docketed by the district court on August 11, 2006, was [first] delivered to prison officials for mailing in light of the district court clerk's [August 7, 2006] letter returning an unsigned and undated notice of appeal to [McCoy]."

*Limited Order of Remand - Court Doc. No. 35* at 1.

On November 9, 2006, the court referred this matter to the undersigned for Recommendation "on when the court should consider petitioner's notice of appeal as having been filed." *Court Doc. No. 36*. The parties have submitted all documents and evidentiary materials within their possession relevant to the issue now before the court for determination. For the following reasons, the court concludes that the plaintiff delivered his notice of appeal to prison officials for mailing on July 26, 2006.

## DISCUSSION

On June 12, 2006, the Magistrate Judge filed a Recommendation that the 28 U.S.C. § 2254 petition for habeas corpus relief filed by McCoy be dismissed with prejudice as the petitioner failed to file his petition within the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1). *Court Doc. No. 23*. On June 29, 2006, the court, after conducting an independent de novo review, overruled McCoy's objections to the Recommendation and adopted the Recommendation dismissing the habeas petition with prejudice as untimely filed. *Court Doc. No. 25*. The court entered final judgment on June 29, 2006. *Court Doc. No. 26*. A notice of appeal from the petitioner was therefore due to be deposited in the prison mail system on or before July 29, 2006. Rule 4(a)(1)(A) and (c)(1), *Federal Rules of Appellate Procedure*.

On August 7, 2006, a clerk of this court returned a Notice of Appeal and Motion for Certificate of Appealability previously received from the petitioner without filing the

notice.  The clerk returned the notice due to the petitioner's failure to sign and date the document.  The clerk did not retain any documents relevant to this notice.  On August 11, 2006, the clerk filed a notice of appeal and motion for certificate of appealability submitted by the petitioner.  The petitioner certified that he submitted this document for mailing on August 10, 2006.

The clerk erred in returning the unsigned notice of appeal without filing this document, as Rule 11(a) of the Federal Rules of Civil Procedure, which applies to notices of appeal, "provide[s] that 'omission of the signature' may be 'corrected promptly after being called to the attention of the ... party.'  Corrections can be made ... by signing the paper on file or by submitting a duplicate that contains the signature."  *Becker v. Montgomery*, 532 U.S. 757, 758, 121 S.Ct. 1801, 1803 (2001).  "Signing and returning promptly would ... have preserved the original timely filing date, if the notice had to be signed at all...."  *Thiem v. Hertz Corp.*, 732 F.2d 1559, 1562 (11th Cir. 1984).  Under *Thiem*, the notice filed by McCoy was sufficient to give the Eleventh Circuit jurisdiction.  Thus, "the district court clerk would have been better advised to retain the unsigned notice and call for a signed notice to be substituted."  *Id*.

In response to the orders of this court, the respondents submitted their copy of the initial notice of appeal and motion for certificate of appealability received from the petitioner.  The cover letter attached to this document indicates that McCoy presented the notice of appeal to prison officials for mailing on July 26, 2006.  This letter further

3

indicates that McCoy had at such time likewise served the formal notice of appeal in its entirety on this court. *Respondents' December 20, 2006 Response - Court Doc. No. 42-2 (Exhibit A)*. The envelope in which McCoy mailed the notice of appeal to the respondents is postmarked July 27, 2006. *Id.* In his affidavit filed with this court, McCoy declares that he "submitted the notice of appeal on or before July 29, 2006." *Court Doc. No. 44*. In his motion for reconsideration filed in the appellate court, McCoy "avers and declares ... that the Notice of Appeal and COA [returned by the district clerk on August 7, 2006] was served on or about July 26, 2006 ...." *Petitioner's October 2, 2006 Motion for Reconsideration* at 2. The respondents do not dispute these declarations; instead, the evidentiary materials which they have submitted support McCoy's assertion that he submitted the notice of appeal to prison authorities for mailing on July 26, 2006.

"If an inmate confined in an institution files a notice of appeal in ... a civil ... case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing." Rule 4(c)(1), *Federal Rules of Appellate Procedure*. The Advisory Committee note acknowledges that this provision is based on the opinion issued in *Houston v. Lack*, 487 U.S. 266, 271-272 (1988), which holds that a pro se inmate's pleading is deemed filed at the time it is delivered to prison officials for mailing to the court. The only evidence before this court establishes that McCoy placed his initial notice of appeal in the prison mail system on July 26, 2006.

**CONCLUSION**

4

Accordingly, in light of the undisputed evidence presented by the parties, it is the RECOMMENDATION of the Magistrate Judge that this court find that the petitioner first delivered his notice of appeal to prison officials for mailing on July 26, 2006, thereby rendering this date the date of filing for his notice of appeal.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before February 15, 2007.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982).  See Stein v. Reynolds Securities, Inc., 667 F.2d 33 (11th Cir. 1982).  See also Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 2nd day of February, 2007.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE